# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLES DAUGHTRY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-3422** |
| **STATE OF LOUISIANA** | **SECTION "S"(6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing. For the following reasons, it is hereby recommended that the instant petition be **DISMISSED WITH PREJUDICE** as untimely .

**PROCEDURAL HISTORY** [1]

On January 24, 2001, petitioner, Charles Daughtry, a prisoner incarcerated in Dixon Correctional Institute, pled guilty in the Twenty-Second Judicial District Court for the Parish of St. Tammany to three counts of simple burglary of an inhabited dwelling and one count of possession of stolen items valued at over $500.00, and pled guilty to being a third-felony offender. On that same date, petitioner was sentenced to twelve years imprisonment on each count of simple burglary and ten years imprisonment for possession of stolen items valued at over $500.00. The district court specified that these sentences were to be served without benefit of parole, probation or diminution of sentence, with credit for time already served in connection with these charges, and with all sentences running concurrently with each other and with a seventeen-year sentence petitioner was serving for a parole violation arising from Jefferson Parish. Thereafter, petitioner had five days within which to file a motion for an appeal in connection with his convictions and sentences. *See* La. Code Crim. P. art. 914.[2] Petitioner, however, made no effort to seek a direct appeal. As such, petitioner's convictions and sentences were rendered final on or about January 29, 2001, after the five

---

[1] Copies of the pleadings referenced in the court's discussion of petitioner's procedural history, along with the transcript of petitioner's January 24, 2001 guilty plea and sentencing, is contained in the State rec., vol. 1 of 1.

[2] Pursuant to Acts 2003, No. 949, §1, La.C.Cr.P. art. 914 was amended to provide defendants with 30 days within which to timely appeal their conviction and/or sentence.

days available to lodge an appeal expired. *See State v. Counterman*, 475 So.2d 336, 338 (La. 1985).

On May 17, 2001, petitioner filed with the state district court a motion for sentence clarification, complaining that prison officials were not providing him with all the credit for time served to which he was entitled. On July 19, 2001, the district court denied petitioner's motion for sentence clarification. Petitioner did not seek relief in connection with the district court's adverse ruling until March 29, 2006, when he filed a writ application with the Louisiana First Circuit Court of Appeal complaining about the computation of his January 24, 2001 sentences. On May 30, 2006, the Louisiana First Circuit Court of Appeal denied petitioner's writ application, providing: "Relator waited over four years before attempting to seek review of the denial of his motion for sentence clarification on July 19, 2001, and he offers no explanation for the delay. Relator's supervisory writ as to that motion is untimely under Uniform Rules-Courts of Appeal, Rule 4-3." Petitioner did not seek relief from the Louisiana Supreme Court in connection with the state appellate court's May 30, 2006 adverse ruling.

On June 4, 2006, petitioner filed the instant federal habeas corpus application. In its opposition memorandum, the State contends that petitioner's habeas application is subject to dismissal for several reasons, one being the fact that it is untimely. For the reasons which are set forth below, the court agrees that petitioner's federal habeas corpus application is untimely.

**ANALYSIS**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his habeas corpus claims pursuant to 28 U.S.C. § 2254, with this one year period commencing to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of his time for seeking review.[3] *See* 28 U.S.C. § 2244(d)(1) (West 2008), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220.  In this case, because petitioner's time for seeking review expired January 29, 2001, his one-year limitation period commenced running on that date, giving him until January 29, 2002, to timely seek habeas corpus relief.

As noted above, petitioner filed the instant action on June 4, 2006.  Thus, petitioner's federal habeas corpus application must be dismissed as untimely unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. § 2244(d)(2). Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Petitioner arguably sought collateral review, thereby suspending prescription, on May 17, 2001, when he filed with the state district court a motion for sentence

---

[3] The AEDPA applies to this case as it was filed after the enactment of the AEDPA, or after April 24, 1996.  *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 2060, 138 L.Ed.2d 481 (1997).

clarification. At that point, approximately three and a half months of petitioner's twelve-month prescriptive period had expired.

The state district court denied petitioner's motion for sentence clarification on July 19, 2001. Under the provisions of Louisiana Court of Appeal Rule 4-3, petitioner then had 30 days, until August 18, 2001, to timely appeal the district court's adverse decision. Petitioner, however, waited over four years, until March, 2006, to file a writ application with the Louisiana First Circuit Court of Appeal.

In *Melancon v. Kaylo*, 259 F.3d 401, 407 (5th Cir. 2001), the Fifth Circuit stated that after an appeal period has lapsed, a state collateral review proceeding "ceases to be pending," and therefore, ceases to interrupt prescription. As such, petitioner's prescriptive period once again commenced to run on August 18, 2001, when his time period to appeal expired, and continued to run until March, 2006, when he filed his writ application with the state appellate court. By that point, his one-year prescriptive period had long expired. Thus, the instant matter would appear to be time-barred absent a basis for equitably tolling petitioner's prescriptive period.

The Fifth Circuit has held that the AEDPA's one-year period of limitations may be equitably tolled, but only in exceptional circumstances. *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999). Since *Davis*, the Fifth Circuit has made it clear that a pro se prisoner's ignorance or misinterpretation of applicable law does not constitute "exceptional circumstances" for the

5

purpose of equitably tolling the AEDPA's one-year statute of limitations. *See Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir. 2000). "'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), *quoting Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996).

Petitioner, in a "Suplamental [sic] Brief" (rec. doc. 10), provides, by way of explanation for his delay in timely seeking relief, that he is "uneducated", having "completed the 7th grade only", and that, as a result of his incarceration, he has limited access to legal assistance, explaining that the inmates assigned to aid fellow inmates in preparing legal briefs have no "paralegal training" and simply "hand out forms".  However, such excuses do not justify petitioner's delay of over four years in seeking relief in connection with the state district court's July 19, 2001 adverse decision.  Petitioner's lack of education and lack of prison legal assistance did not prevent petitioner "in some extraordinary way" from asserting his rights in a timely manner and, as such, do not serve as a basis for equitable tolling.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the application for federal habeas corpus relief filed on behalf of petitioner, Charles Daughtry, be **DENIED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this __21st__ day of _____November_____, 2008.

_____
LOUIS MOORE, JR.
United States Magistrate Judge